OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter Grievance Committee) served the respondent with a verified petition dated December 3, 2010, containing two charges of professional misconduct. After a prehearing conference on July 11, 2010, and hearings on August 22, 2011 and August 23, 2011, the Special Referee issued a report, which sustained both charges. The Grievance Committee now moves to confirm the Special Referee’s report and impose such discipline upon the respondent as the Court deems just and proper. The respondent has submitted an affirmation seeking to disaffirm the report and for a dismissal of the charges.
Charge one alleges that the respondent converted funds entrusted to him as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (7) (22 NYCRR 1200.46 [a]; 1200.3 [a] [7]). The respondent maintained an IOLA account at J.P Morgan Chase Bank, entitled ‘TOLA - Eugene Chmura.” On or about October 19, 2006, Barbara Szalanska retained the respondent on behalf of Allan Sirju, and paid him $10,000 in cash from her own funds to post a bond for Sirju, who was being held in immigration custody in Arizona. On or about August 28, 2008, the respondent deposited a check from the U.S. Treasury Department for $10,487.30, into his IOLA account, representing the return of the bond for Sirju, plus interest. On or about November 20, 2008, without authorization, the respondent wrote a check, payable to himself, for $6,015 from the bond money paid by Szalanska. The respondent never returned the $10,487.30 to either Szalanska or Sirju.
Charge two alleges that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Code of Professional Responsibility DR 1-102 (a) (4) *241 and (7) (22 NYCRR 1200.3 [a] [4], [7]). On or about October 19, 2006, the respondent signed a fixed fee retainer agreement for $3,000 for Sirju’s immigration matter. On April 12, 2010, while under oath at the Grievance Committee’s offices, the respondent produced a bill dated April 12, 2010, for attorney’s fees in excess of $6,015. The respondent had never sent the bill to Sirju. He created the bill in an effort to justify paying himself the $6,015 from Szalanska’s bond money.
Based on the evidence adduced, the Special Referee properly sustained both charges. Accordingly, the motion to confirm is granted. The respondent, who disputed the charges, claimed that the bond money was Sirju’s money and that, therefore, he had no obligation to refund any money to Szalanska, whom he maintained was simply a “messenger.” We agree with the findings of the Special Referee, who after hearing the testimony of the respondent and Szalanska, was “convinced” that the bond money belonged to Szalanska and that the respondent was well aware of that fact. We agree as well with the Special Referee’s finding that the April 12, 2010 bill was a fabrication.
The respondent offered no evidence in mitigation.
The respondent has a significant disciplinary history of three admonitions and two letters of caution.
The respondent is currently delinquent in the payment of his attorney reregistration fees for two biennial periods.
The respondent shows no remorse and remains defiant in his claim that he is “entitled” to deduct his fees from the bond money. The evidence shows that the respondent took advantage of a fellow Polish immigrant. His offer to return the balance of the bail money, but only to Sirju, who is no longer in the country, underscores the bold nature of his theft. His testimony was riddled with inconsistencies and contradictions. Not only did the respondent wrongfully deduct his fees from the bail money, but he padded his bill with improper charges, a bill which was fabricated to justify his conduct. Of note, the respondent was previously admonished in 2005 for similar conduct.
Under the totality of the circumstances, the respondent is disbarred for his professional misconduct.
Mastro, A.EJ., Rivera, Skelos, Dillon and Angiolillo, JJ., concur.
Ordered that the petitioner’s motion to confirm the Special Referee’s report is granted; and it is further,
*242 Ordered that the respondent, Eugene Chmura, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
Ordered that the respondent, Eugene Chmura, shall promptly comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Eugene Chmura, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Eugene Chmura, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).